**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ANTHONY JAMES MANN,

      Petitioner-Appellant,

v.

L.L. YOUNG; ATTORNEY GENERAL OF
THE STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 99-6439
(W.D. Okla.)
(D.Ct. No. 98-CV-1687)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Anthony James Mann, a state inmate appearing *pro se*, appeals the district court's decision denying his petition filed pursuant to 28 U.S.C. § 2254. We deny Mr. Mann a certificate of appealability and dismiss his appeal.[1]

Mr. Mann's first trial resulted in a capital conviction, which the United States District Court for the Western District of Oklahoma reversed and remanded because of an attorney conflict of interest issue. Following a second trial, a jury convicted Mr. Mann of first degree murder and he received a sentence of life imprisonment without the possibility of parole. Mr. Mann unsuccessfully appealed his conviction to the Oklahoma Court of Criminal Appeals alleging (1) the state presented insufficient evidence to establish he possessed intent to kill the victim; (2) the trial court improperly refused to instruct the jury on the voluntary intoxication defense; and (3) the trial court violated the *ex post facto* clauses of the United States and Oklahoma Constitutions by instructing the jury to consider the statutory sentencing option of life without parole, which was in effect at the time of his second trial, but not at his first trial. The Oklahoma Court of Criminal

---

[1] The district court made no ruling on Mr. Mann's request for a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing the notice of appeal as a denial of the certificate. Accordingly, we construe this appeal as Mr. Mann's request to this court for a certificate of appealability.

Appeals addressed the merits of Mr. Mann's appeal after a full review of the evidence and law supporting his conviction, and affirmed his conviction (*id.* at 13-14).

Following his state appeal, Mr. Mann filed his federal habeas corpus petition raising the same issues raised in his direct state appeal. The district court referred the matter to a magistrate judge who issued a lengthy Report and Recommendation. In making her recommendation to deny Mr. Mann's petition, the magistrate judge performed an exhaustive analysis of the evidence supporting Mr. Mann's conviction and the state trial court's decision not to instruct the jury on the intoxication defense. The magistrate judge also conducted a thorough discussion of why Mr. Mann's state sentence did not violate the *ex post facto* clauses of the United States and Oklahoma constitutions. The magistrate judge pointed out the sentencing option of the death penalty existed at both trials, and because Mr. Mann's ultimate sentence of life without parole was not more onerous than the death penalty, his sentence did not increase the punishment for his crime in violation of the *ex post facto* clauses. In response, Mr. Mann filed objections to the Report and Recommendation, but only on the issues of the sufficiency of the evidence and alleged *ex post facto* violation. As a result, the district court determined Mr. Mann waived the issue on the intoxication defense

jury instruction. The district court again thoroughly reviewed the evidence underlying Mr. Mann's conviction and found it sufficient. In addition, the district court analyzed Oklahoma's application of the life without parole sentence, finding no contradiction or unreasonable application of federal law in the Oklahoma Court of Criminal Appeal's ruling that no *ex post facto* problem arose from the application of an intermediate sentence for first degree murder.

On appeal, Mr. Mann raises the same issues concerning the sufficiency of the evidence to show his intent to kill the victim and alleged *ex post facto* violations. In order for this court to grant Mr. Mann's request for a certificate of appealability and proceed to the merits of his appeal, he must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the "district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, ___ U.S. ___, ___, 120 S. Ct. 1595, 1604 (2000). Because Mr. Mann is seeking relief from a state conviction, his success in obtaining federal habeas corpus relief will depend on whether he can show the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

-4-

determined by the Supreme Court of the United States, or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1). In this case, the district court determined Mr. Mann's petition failed to meet these requirements. We review the legal basis for the district court's dismissal of Mr. Mann's federal § 2254 petition *de novo*. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 525 U.S. 950 (1998).

In this case, Mr. Mann fails to make a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2) for a certificate of appealability. Specifically, Mr. Mann fails to demonstrate reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. While we do not take our review of Mr. Mann's appeal and request for a certificate of appealability lightly, we have nothing further to add to the district court's and magistrate judge's extremely thorough discussions and determinations on the same issues presented to this court on appeal. Any further discussion would only duplicate the same or similar analysis concerning the state court's adjudication and sentencing of Mr. Mann.

Accordingly, for substantially the same reasons provided in the magistrate judge's September 9, 1999 Report and Recommendation and the district court's November 22, 1999 Order, we deny Mr. Mann's request for a certificate of appealability and **DISMISS** his appeal.  We further deny Mr. Mann's request to proceed *in forma pauperis.*

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge